# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTI LYNN SLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-781-BMJ |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kristi Lynn Sly, seeks judicial review of the Social Security Administration's denial of her application for supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 13], and both parties have briefed their positions.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

## I. Procedural Background

On May 19, 2016, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff is not disabled and, therefore, not entitled to SSI. AR 22-37. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-5. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's CM/ECF pagination.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. § 416.920. The ALJ first determined Plaintiff has not engaged in substantial gainful activity since September 4, 2014, her application date. AR 24.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: obesity, degenerative disc disease, history of sinus tachycardia, hypertension, degenerative joint disease of the knees, and depression. *Id*. Then, at step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 25.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she:

> [can] occasionally lift and/or carry 10 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk at least 2 hours in an 8-hour workday, sit for at least 6 hours in an 8-hour workday[], and is limited to simple, repetitive tasks, can relate to supervisors and coworkers only superficially, and should not be asked to work with the public.

*Id.* at 26.

At step four, the ALJ determined Plaintiff has no past relevant work, *id.* at 35, and at step five, relying on a vocational expert's (VE) testimony, the ALJ found Plaintiff can perform other work existing in significant numbers in the national economy. *Id.* at 36. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id*. at 37.

**III.   Claims Presented for Judicial Review**

Plaintiff alleges the ALJ erred in:  (1) finding she can perform work existing in significant numbers in the national economy, and (2) assessing her credibility.  *See* Pl.'s Br. at 3-10.

**IV.   Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, it does not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.   Analysis**

For efficiency, the Court considers Plaintiff's claims out of order.

**A.   The ALJ's Credibility Assessment**

In finding that Plaintiff's severe impairments can produce the alleged symptoms, but do not significantly limit Plaintiff's ability to perform basic work activities, the ALJ assessed Plaintiff's credibility and found it lacking.  *Id.* at 27.  Plaintiff challenges this conclusion, alleging that it is not supported by substantial evidence.  *See* Pl.'s Br. at 6-10.  The Court finds no error.

"'Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.'"  *Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (citation omitted).  Some factors an ALJ may weigh in determining a claimant's credibility include:  (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any measures other than treatment used to relieve pain or other symptoms; and (7) any other factors concerning functional limitations and restrictions due to pain or other symptoms. *See* SSR 96-7p, 1996 WL 374186 at *3 (July 2, 1996). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility," a "formalistic factor-by-factor recitation of the evidence" is not required. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

In assessing Plaintiff's credibility, the ALJ outlined Plaintiff's testimony, both in person and as provided in forms, and her mother-in-law's testimony. AR 27, 34. Then, in the course of seven, single-spaced, pages, the ALJ extensively discussed the medical evidence. *Id.* at 28-33, 35. Notably, Plaintiff does not allege that the ALJ ignored any piece of evidence, failed to discuss any relevant factor listed above, or placed improper weight on one piece of evidence over another. Instead, Plaintiff points to her testimony, her August 2014 Song Byrd Behavior Health Services medical report, and her January 2016 Oklahoma Families First medical report, and simply asks the Court to "take a second look." Pl.'s Br. at 7-9, 10. Because the ALJ specifically discussed all this evidence, AR 27, 30, 33, Plaintiff's argument is little more than a request for this Court to reweigh the same evidence that the ALJ already considered. This the Court cannot do. *See Wall*, 561 F.3d at 1070 ("[the Court's] limited scope of review precludes us from reweighing the evidence or substituting our judgment for that of the agency" (citation and internal quotation marks omitted)); *see also Watts v. Berryhill*, 705 F. App'x 759, 764 (10th Cir. 2017) ("Ms. Watts' argument that the ALJ should have found her subjective complaints fully credible because she sought treatment and took her medications is essentially asking this court to impermissibly reweigh the evidence and improperly substitute our judgment for the Commissioner's, which we may not do."). Thus,

the Court finds no grounds for reversal in the ALJ's credibility assessment. *See Morgan v. Berryhill*, No. CIV-17-413-BMJ, 2018 WL 652335, at *6 (W.D. Okla. Jan. 31, 2018) (unpublished memorandum and opinion) ("Plaintiff has failed to show that the ALJ ignored or misstated evidence in his credibility assessment, and this Court will not reweigh that evidence. So, the Court again finds no grounds for reversal."); *Cummings v. Colvin*, No. CIV-14-539-L, 2015 WL 3960899, at *1, *10 (W.D. Okla. June 29, 2015) (unpublished district court order) (rejecting plaintiff's challenge to the ALJ's credibility assessment where the ALJ considered the testimony plaintiff relied upon, finding that the court could not reweigh the same evidence).

### B. The ALJ's Finding that Plaintiff can Perform Work Existing in Significant Numbers in the National Economy

At step five, the burden shifts to the Commissioner to show that the claimant retains a sufficient RFC to perform work, existing in significant numbers in either the regional or national economy, given the claimant's age, education and work experience. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also Lane v. Colvin*, 643 F. App'x 766, 771 (10th Cir. 2016) ("The relevant test at step five in a disability case is whether there is a significant number of jobs in the regional or national economy."). Plaintiff claims the Commissioner failed to satisfy this burden. Specifically, Plaintiff notes that the ALJ found that, with her RFC, she can perform two jobs, that of a "document preparer" and of a "clerical mailer." Pl.'s Br. at 4; *see also* AR 36. Plaintiff argues, however, that the ALJ limited her to simple, repetitive tasks, and the job of "document preparer" inconsistently requires a reasoning level three based on the DOT description. *See* Pl.'s Br. at 4 (*citing* DOT § 249.587-018 (document preparer)). Then, Plaintiff alleges that the only remaining job, that of a "clerical mailer," lacks sufficient numbers to constitute "a significant number of jobs." *Id.* at 5. The Court agrees with Plaintiff's first argument, but disagrees with her second.

5

As described in the DOT, reasoning level three requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT § 249.587-018. As Plaintiff argues, this Court has frequently followed *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005), where the Tenth Circuit found that an RFC limiting a claimant to "simple and routine work tasks" appeared inconsistent with jobs requiring a reasoning level of three. *Id.* at 1176. *See, e.g., Hilliard v. Berryhill*, No. CIV-17-424-BMJ, 2018 WL 1221485, at *3 (W.D. Okla. Mar. 8, 2018) (unpublished memorandum opinion and order) (finding a reasoning level three is inconsistent with an RFC for simple instructions); *Farris v. Berryhill*, No. CIV-16-359-HE, 2017 WL 2303521 at *1, *6 (W.D. Okla. May 25, 2017) (unpublished district court order) (distinguishing unpublished cases and collecting cases in support). As such, the Court agrees that Plaintiff cannot likely perform the work of a "document preparer" with a RFC limitation to simple, repetitive tasks.

However, the Court finds that Plaintiff can perform the remaining job of "clerical mailer" and thus can still perform work in the national economy. Of course, Plaintiff argues that the job exists in such small numbers that the case must be remanded for the ALJ to determine if there is numerical significance. *See* Pl.'s Br. at 5-6. This argument is without merit. Although generally the Commissioner should make the determination of numerical sufficiency, the Court may nevertheless "supply a missing dispositive finding" where it can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004).

Here, the VE testified, and the ALJ found, that there are 32,000 "clerical mailer" jobs existing in the national economy. AR 36, 58. In *Rogers v. Astrue*, 312 F. App'x 138 (10th Cir.

2009), the court implied that 11,000 nationally available jobs was a significant number, *id.* at 142, and in *Lynn v. Colvin*, 637 F. App'x 495 (10th Cir. 2016), the court found that 24,900 jobs available throughout the nation was "significant." *Id.* at 499. Applying these cases, the Court has no difficulty concluding that 32,000 jobs is a significant number for purposes of step 5 of the sequential process. As Plaintiff can therefore still perform work as a "clerical mailer," existing in significant numbers in the national economy, the Court finds no grounds for reversal despite the apparent inconsistency between Plaintiff's RFC and the job of "document preparer."

## VI.   Conclusion

The ALJ properly considered Plaintiff's credibility. And, even if a conflict exists between Plaintiff's RFC and the reasoning level for the job of "document preparer," DOT 249.587-018, any error is harmless as she can still perform the work of a "clerical mailer," DOT 209.587-010, existing in significant numbers in the national economy.

Accordingly, the decision of the Commissioner is AFFIRMED.

ENTERED this 25th day of April, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE